IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| CHARLES E. SMITH, CPA, and MARK SMITH, CPA, | § § § § | CIVIL ACTION No. **3:14-CV-03874-D** |
| Defendants, | § § § § | |

### FINAL JUDGMENT AS TO DEFENDANT CHARLES ELLIOT SMITH

The Securities and Exchange Commission having filed a Complaint and Defendant

Charles Elliot Smith ("Defendant") having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

this Final Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph XV); waived findings of fact

and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or

by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by knowingly providing substantial assistance to any issuer that files with the Commission any annual, quarterly or periodic report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11 and 240.13a-13], which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, or which omits to disclose any information required to be disclosed.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1] by:

    (a)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act; or

    (b)    directly or indirectly falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by knowingly providing substantial assistance to a director or officer of an issuer in:

    (a)    making or causing to be made a materially false or misleading statement, or

    (b)    omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

        (1) any required audit, review or examination of the financial statements of an issuer; or

(2) the preparation or filing of any document required to be filed with the

Commission.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange

Act [15 U.S.C. § 78o(a)] by, directly or indirectly, making use of the mails or any means or

instrumentality of interstate commerce to effect transactions in, or to induce or attempt to induce

the purchase or sale of any security (other than an exempted security or commercial paper,

bankers' acceptances, or commercial bills) without being registered as a broker or dealer with the

Commission, or being associated with a broker or dealer registered with the Commission.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and Exchange Act Rules 12b-20, 15d-1,

and 15d-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.15d-1, and 240.15d-13] by knowingly

providing substantial assistance to any issuer that files with the Commission any annual,

quarterly or periodic report required to be filed with the Commission pursuant to Section 15(d)

of the Exchange Act [15 U.S.C. § 78o(d)] and Rules 15d-1 and 15d-13 thereunder [17 C.F.R. §§

240.15d-1 and 240.15d-13], which contains any untrue statement of material fact, which omits to

state any material fact necessary in order to make the statements made, in light of the

circumstances under which such statements were made, not misleading, or which omits to

disclose any information required to be disclosed.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the

Securities Act [15 U.S.C. § 77t(e)], for a period of five years following entry of this Final

Judgment, Defendant is prohibited from acting as an officer or director of any issuer that has a

class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78] or that

is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for a

period of five years following entry of this Final Judgment, Defendant is barred from

participating in an offering of penny stock, including engaging in activities with a broker, dealer,

or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale

of any penny stock.  A penny stock is any equity security that has a price of less than five dollars,

except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is jointly and severally liable with Defendant Mark Smith for disgorgement of $77,967.26,

representing profits gained as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $783.26.   Defendant shall satisfy this obligation

by paying $78,750.52 to the Securities and Exchange Commission within 30 days after entry of

this Final Judgment.  Defendant may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be

made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Charles Elliot Smith as a defendant in this action; and specifying that payment is

made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay a civil penalty in the amount of $150,000 to the Securities and Exchange Commission

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this payment pursuant to the terms

of the payment schedule set forth in paragraph XIII below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier' s check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Charles Elliot Smith as a defendant in this action; and specifying that payment is

made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest

on any delinquent amounts pursuant to 28 USC § 1961.

## XIII.

Defendant shall pay the total penalty due of $150,000 in four installments to the

Commission according to the following schedule: (1) $37,500, within 90 days of entry of this

Final Judgment; (2) $37,500, within 180 days of entry of this Final Judgment; (3) $37,500,

within 270 days of entry of this Final Judgment; and (4) $37,500, within 360 days of entry of this

Final Judgment.  Payments shall be deemed made on the date they are received by the

Commission and shall be applied first to post judgment interest, which accrues pursuant to 28

U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to

making the final payment set forth herein, Defendant shall contact the staff of the Commission

for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed

according to the schedule set forth above, all outstanding payments under this Final Judgment,

including post-judgment interest, minus any payments made, shall become due and payable

immediately at the discretion of the staff of the Commission without further application to the

Court.

## XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

## XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for

purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C.

§523, the allegations in the complaint are true and admitted by Defendant, and further, any debt

for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under

this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XVI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated: _____October 31_____, 2014

_____
CHIEF UNITED STATES DISTRICT JUDGE

Approved as to form:

_____
Attorney for Defendant
Name:       Robert L. Webster
Address:    Chateau Plaza - Suite 1400
            2515 McKinney Avenue
            Dallas, TX 75201-7600
Number:     (214) 237-0900

Submitted by:

*/s/ Chris Davis*
Chris Davis
Texas Bar No. 24050483
United States Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, Suite 1900
Fort Worth, TX 76102
davisc@sec.gov
Telephone:   817-900-2638
Facsimile:   817-978-3049

COUNSEL FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION